AUGUST APEL, RESPONDENT *v.* HUGH O'CONNOR, APPELLANT, IMPLEADED, ETC.

*Practice — power of the court to order issues to be settled although more than ten days have elapsed since they have been joined — General Rules Supreme Court No. 31.*

In this action, brought to foreclose two mortgages, a judgment of the County Court was entered, sustaining the defense of usury to one and rejecting it as to the other. The General Term reversed so much of the judgment as was in favor of the plaintiff and granted a new trial. Thereupon the County Court, upon the motion of the plaintiff, granted an order to settle the issues, as to this mortgage, for trial by a jury.

*Held,* that the court had power so to do, although more than ten days had elapsed since the issues had been joined in the action.

APPEAL from an order of the County Court of Kings county, settling issues in this action for trial by a jury.

This is an action to foreclose two mortgages. The defense is usury.

Upon the first trial the County Court, in which the action was brought, held that one of the mortgages was usurious, and as to that found for the defendant. It found that the other mortgage was not usurious, and as to that found for the plaintiff. From this finding the defendant appealed to the General Term of the Supreme Court, where so much of the judgment of the County Court as was against the defendant was reversed and a new trial was ordered. The plaintiff thereupon moved in the County Court to settle the issues as to this one mortgage, and the motion was after argument granted, and from that order thus made the present appeal is taken. The appellant claimed that the application to settle the issues was not made in time, as the Supreme Court rules required that the application must be within ten days after issue joined. (Rule 31.)

*John McGinn*, for the appellant.

*Stephen Condit* and *Wm. C. De Witt*, for the respondent.

PRATT, J. :

Appellant claims that as application for a trial by jury was not made within ten days after issue joined, the motion should have been denied. This contention would ordinarily prevail. By neglecting to make this application within the time prescribed, the moving party would certainly be without ground of complaint had the application been denied. Yet it cannot well be held that by failure of either party to move for a jury trial, the court loses the power to seek the assistance of a jury. When a court finds itself unable to decide a cause, it would be a severe ruling, and might produce a denial of justice, to forbid resort to the wisdom of a jury.

The order appealed from was peculiarly within the discretion of the court, with which discretion we ought not to interfere.

Order affirmed, without costs.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order framing issues affirmed, without costs.